IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAKISHA BAILEY FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV382 |
| | ) | |
| DAVON SHAQUILLE CALHOUN and | ) | |
| HEARTLAND EXPRESS, INC. of | ) | |
| IOWA | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

This is a negligence action initially filed in North Carolina state court by Plaintiff Lakisha Bailey Freeman of Iredell County, North Carolina, against Defendants Heartland Express, Inc. ("Heartland") of Iowa and Davon Shaquille Calhoun of Georgia. (Doc. 2.) Before the court are two motions. First, upon removal of this action from state court, Heartland moved to transfer venue to the District Court for the Western District of North Carolina. (Doc. 5.)[1] Calhoun has not appeared in the case, and Freeman has

---

[1] Heartland's motion was not accompanied by a brief in support of such motion in violation of the Local Rules; therefore, the court ordered Heartland to file a brief, which it has now done. (Doc. 8.) The court also ordered Heartland to meet and confer with Plaintiff's counsel regarding its motion to transfer, but Heartland's counsel states that Plaintiff's counsel never responded to his telephone and email requests. (Doc. 8 at 2 (citing Doc. 8-2).) Plaintiff's counsel subsequently explained his failure to respond, and while counsel does not address the motion to transfer in specific, the court regards his response and lack of objection to transfer (Doc. 10) as a lack of objection to Heartland's motion.

not filed an objection to Heartland's motion. Second, Freeman subsequently moved to remand the action (Doc. 11), and Heartland has responded (Doc. 13). For the reasons set forth below, the motion to remand will be denied and the motion to transfer will be granted.

I. BACKGROUND

Freeman alleges that Calhoun, while operating a vehicle as an employee of Heartland, negligently collided with her vehicle on June 25, 2020, in Iredell County, North Carolina. (Doc. 2 ¶¶ 4, 5, 7.) Freeman captioned her complaint for the General Court of Justice, Superior Court Division, in Iredell County, North Carolina, which is located in the jurisdiction of the United States District Court for the Western District of North Carolina. (Doc. 2 at 1.) Freeman's summons to Heartland also reflected that the case was pending in Iredell County, North Carolina. (Doc. 3 at 1.) However, the complaint itself bears a file stamp of the Clerk's Office of Guilford County, North Carolina - which is within the jurisdiction of the United States District Court for the Middle District of North Carolina - indicating it had been filed there instead. (Doc. 2 at 1.) Heartland removed this action to this court on May 9, 2023, asserting diversity jurisdiction. (Doc. 1.)

Heartland now moves to transfer venue to the Western District because it contends that even though the complaint and summons

2

bear a caption showing the "case was filed in Iredell County, North Carolina, the plaintiff filed this action in Guilford County, North Carolina," which is in the Middle District. (Doc. 5 ¶ 3.) Though not responding to the transfer motion, Freeman moves to remand the case to Guilford County Superior Court, where it originated. Because a grant of the remand motion would moot the transfer motion, the court considers it first.

## II. ANALYSIS

### A. Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Here, Heartland removed the action by asserting the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. 1.) Diversity jurisdiction requires a showing that the matter in controversy is between citizens of different states and exceeds the sum of $75,000. 28 U.S.C. § 1332(a). The parties do not dispute that diversity of citizenship exists; however, Freeman contends that Heartland has not met its burden of establishing that the amount in controversy meets the jurisdictional requirement. (Doc. 12 at 4-6.)

Courts look to a plaintiff's complaint to determine the amount in controversy, provided the complaint is made in good faith. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (citing Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014,

3

1017 (4th Cir. 1981)). Any jurisdictional requirements must be met at the time of removal of the case. Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 390 (1998); McDonald v. AutoMoney, Inc., No. 1:21CV114, 2021 WL 5599501, at *2 (M.D.N.C. Nov. 30, 2021) ("The removability of a case depends upon the state of the pleadings and the record at the time of the application for removal." (quoting Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2023))). The party seeking removal bears the burden of proving jurisdiction by a preponderance of the evidence. Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 748 (4th Cir. 2016) (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). That is, the party "'must provide enough facts to allow a court to determine – not speculate – that it is more likely than not' that the case belongs in federal court." Cannon v. AutoMoney, Inc., No. 1:19-cv-00877, 2020 WL 3105183, at *3 (M.D.N.C. May 12, 2020) (quoting Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 197 (4th Cir. 2017)). When the amount of damages is unspecified in the complaint, the "defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'" Scott, 865 F.3d at 194 (quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005)). In that case, a court may consider "any evidence of the amount in controversy." Lunsford v. Cemex, Inc., 733 F. Supp. 2d

4

652, 657 (M.D.N.C. 2010)(quoting Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996)).

Here, Freeman's argument is based on the fact that her complaint does not specify an amount of damages. Heartland, however, has proffered an affidavit from its claims manager setting out two conversations with Freeman's law firm before the filing of Freeman's lawsuit. On December 7, 2022, a "personal injury case manager" for Plaintiff's law firm told Heartland's claims manager that Freeman's medical expenses alone from the accident were $97,000.00. (Doc. 13-1 ¶ 4.)[2] On February 28, 2023, the claims manager reported that the medical expenses had increased to $106,374.00 and that she was preparing a demand letter. (Id. ¶ 6.) Though the claims manager asked for a copy of medical invoices, none has been provided. (Id.) Freeman has not disputed this evidence.

On this record, the court would be well-founded to conclude that Freeman has waived any objection to removal. In a filing with the court, Freeman's counsel states that when Heartland's counsel indicated his intention to remove the case to federal court, Freeman's counsel advised "he did not object to its removal." (Doc. 10 ¶ 11.) Freeman's counsel further represents that "once the matter was removed to Federal Court, counsel for

---

[2] The affidavit is signed, but the date is missing. As it was filed August 11, 2023, the absence of a date is not fatal.

5

the Plaintiff did not move to remand." (Id.) But within twenty-four hours of counsel's filing of this statement, Freeman inexplicably moved to remand the case. (Doc. 11.) After having filed the action in the wrong county (addressed below), Freeman can hardly be described as being committed to pursuing the action in state court.

As perplexing as this inconsistent conduct is, though, the court need not rely on this basis. Heartland has demonstrated that the medical expenses alone, which are sought as a compensable form of damages by Freeman (Doc. 2 at 4), exceed the jurisdictional threshold for this court's subject matter jurisdiction and that these alleged damages were known before the filing of the notice of removal on May 9, 2023. Heartland has thus carried its burden, and Freeman's motion to remand will be denied.

B. **Motion to Transfer**

Heartland moves to transfer this action pursuant to 28 U.S.C. § 1406(a), arguing that neither North Carolina state law nor federal statute permits this case to proceed in the Middle District. (Doc. 5 ¶ 7; see Doc. 5 ¶¶ 5, 6.) If a case is brought in an improper venue, then a court, pursuant to 28 U.S.C. § 1406(a), may transfer an action. Oldham v. Penn. State Univ., 507 F. Supp. 3d 637, 647 (M.D.N.C. 2020); Hubbard v. Eitan Group North America, No. 22-CV-382-D, 2023 WL 2959991, at *7 (E.D.N.C. 2023) (citing 28 U.S.C. § 1406(a)). A court need not have personal

6

jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).  Hubbard, 2023 WL 2959991, at *6 (collecting cases).

Under North Carolina law, "[a]n action against a corporation created by or under the law of any other state . . . may be brought in the appropriate trial court division of any county in which the cause of action arose . . . or in which the plaintiff[] . . . reside[s], in the following cases: (1) By a resident of this State, for any cause of action." N.C. Gen. Stat. § 1-80.  For cases not otherwise mentioned within state statutes, "the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside." N.C. Gen. Stat. § 1-82.

Federal statutes, pursuant to 28 U.S.C. § 1391(b), permit the filing of civil actions in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located" or "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

Here, Freeman alleges she is a citizen of Iredell County, North Carolina (Doc. 2 ¶ 1), and that Heartland is a citizen of

7

Iowa (Doc. 2 ¶ 3), which Heartland admits (Doc. 1 ¶ 6). Although Calhoun has not appeared in the case, Freeman alleges, and Heartland concurs, that Calhoun is a citizen of Georgia. (Doc. 2 ¶ 2; Doc. 1 ¶ 6.) Further, Freeman alleges that the events giving rise to the action occurred in Iredell County within the Western District. (See Doc. 2 ¶¶ 4, 7.) Because neither are the Defendants located within the Middle District nor did the alleged incident occur within the Middle District, venue is improper here.

Having determined venue is improper, the court must determine whether the action should be "dismiss[ed], or if it be in the interest of justice, transferred . . . to any district or division in which it could have been brought." Oldham, 507 F. Supp. 3d at 647 (citing 28 U.S.C. § 1406(a))(alterations in original). Even when evaluating transfer pursuant to 28 U.S.C. § 1406(a), courts look to 28 U.S.C. § 1404(a) to analyze whether "a transfer is in the interest of justice." Oldham, 507 F. Supp. 3d at 647 (citing Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 n.5 (4th Cir. 1993)). The court weighs several factors in determining whether transfer is appropriate and "convenien[t] and fair[]" for the parties:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained;

(6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.[3]

Oldham, 507 F. Supp. 3d at 647 (quoting Dillon v. BMO Harris Bank, N.A., 16 F. Supp. 3d 605, 617 (M.D.N.C. 2014)).

A review of these factors makes plain that the Western District is an appropriate transferee. Freeman's complaint indicates that Iredell County was Freeman's choice of forum, and only by apparent mistake was the action filed in Guilford County. (Doc. 2.) Freeman alleges she is a resident of the Western District (id. ¶ 1), and the incident occurred there (id. ¶¶ 5, 7). Thus, the action could have been brought in that district. See N.C. Gen. Stat. § 1-80 (allowing suit against foreign corporations in counties in which the cause of action arose or in which a plaintiff resides); N.C. Gen. Stat. § 1-82 (allowing suit against defendants in counties in which the plaintiffs or the defendants

---

[3] The Fourth Circuit has enunciated a similar, but shorter, test listing the following four factors: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trs. Of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015). These factors are inherently or expressly incorporated into the more expansive test applied by district courts in this circuit. See Triangle Grading & Paving, Inc. v. Rhino Servs., LLC, No. 19CV486, 2020 WL 2086188, at *16 n.17 (M.D.N.C. Apr. 30, 2020) (collecting cases); see also Hunter v. Mountain Com. Bank, No. 1:15CV1050, 2016 WL 5415761, at *9 (M.D.N.C. Sept. 28, 2016).

9

reside at time of filing, or if none of the defendants resides in North Carolina, then the county in which the plaintiff resides); 28 U.S.C. § 1391(b)(2) (stating a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.") Further, because Heartland moves to have the case transferred to the Western District, it waives any claim of prejudice. (Doc. 5.)

Therefore, the court finds that the Western District of North Carolina is an appropriate venue to which to transfer this action.

## III. CONCLUSION

For these reasons,

IT IS ORDERED that Freeman's motion to remand (Doc. 11) is DENIED, Heartland's motion to transfer this action (Doc. 5) is GRANTED, and this action shall be transferred to the United States District Court for the Western District of North Carolina. The Clerk of Court shall take all necessary steps to effectuate the transfer.

/s/ Thomas D. Schroeder<br>United States District Judge

September 9, 2023

10